## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

| | | |
|---|---|---|
| TANYA P. WASHINGTON, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 2:13CV00053-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, Tanya Washington, appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act (the "Act"). For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.    BACKGROUND**

On December 15, 2010, Ms. Washington protectively filed for SSI benefits due to vision problems, diabetes, and high blood pressure, which she asserts began December 9, 2010. (Tr. 29, 177)  Ms. Washington's claims were denied initially and upon reconsideration.  At Ms. Washington's request, an Administrative Law Judge ("ALJ") held a hearing on May 21, 2012, where Ms. Washington appeared with her lawyer. (Tr. 24)  At the hearing, the ALJ heard testimony from Ms. Washington and a vocational expert ("VE"). (Tr. 24-57)

The ALJ issued a decision on June 14, 2012, finding that Ms. Washington was not disabled under the Act. (Tr. 9-23) On April 10, 2013, the Appeals Council denied Ms. Washington's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-6)

Ms. Washington, who was thirty-eight years old at the time of the hearing, has a high-school

diploma. (Tr. 29) She has past relevant work experience as a teacher's assistant. (Tr. 54)

## II. DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Washington had not engaged in substantial gainful activity since December 15, 2010, and she had the following severe impairments: blindness in her right eye and diabetes mellitus. (Tr. 14) However, the ALJ found that Ms. Washington did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 16)

According to the ALJ, Ms. Washington has the residual functional capacity ("RFC") to do perform light work, except she could not read fine print or perform tasks requiring depth perception. (Tr. 16) The VE testified that the jobs available with these limitations were housekeeper and patch worker. (Tr. 19, 55-56)

After considering the VE's testimony, the ALJ determined that Ms. Washington could perform a significant number of other jobs existing in the national economy, and found that Ms. Washington was not disabled.

## III. ANALYSIS

### A. Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) (2005).

[2]20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

### B.     Ms. Washington's Argument for Reversal

Ms. Washington's sole argument on appeal to the district court is that the ALJ failed to develop the record with regard to evidence of her mental impairment. (Pl.'s Br. 7-9.)  Specifically she contends that the ALJ erred by failing to include evidence from Charles M. Spellmann, Ph.D., that was obtained during her previous claim for disability benefits.  A previous administrative decision reports that Dr. Spellmann examined Ms. Washington and found she suffered from an adjustment disorder with mixed emotional features, but it did not interfere with her day-to-day adaptive functioning.  (Tr. 93-94, 256)  While Plaintiff raises a fair point, Plaintiff is reminded that a Social Security claimant bears the burden of proving disability, *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996).  Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  The fact that Plaintiff's counsel did not obtain (or, as far as the record reflects, try to obtain) this additional evidence suggests that it has only minor importance.  *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

More importantly, Ms. Washington did not allege in her current disability application that she had a mental or emotional impairment. (Tr. 157-162)  Still, the ALJ questioned Ms. Washington about her mental or emotional impairments claimed in her previous disability application, and Ms.

3

Washington said that she did not recall previously alleging a mental or emotional impairment, and had not received any treatment. (Tr. 44-46) Furthermore, at the beginning of the hearing, the ALJ notified Ms. Washington and her attorney which documents were part of the record and neither Ms. Washington nor her attorney objected or offered Dr. Spellmann's findings into the evidence. (Tr. 28) Accordingly, ALJ concluded Ms. Washington's medically determinable mental impairment of depression was non-severe. (Tr. 14) The ALJ had no obligation to consider Dr. Spellmann's previous findings – nor was it error not to consider them.

## IV. CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision. Therefore, the Commissioner's decision is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 20th day of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE